# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| LAUREN COREY, ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | No. _____ |
| CARYN HEITZ, Individually and Officially, ) | |
| OFFICER HAYDEN MARSHALL, ) | |
| Individually and Officially, and ) | |
| CITY OF KNOXVILLE. ) | |
| DEFENDANTS. ) | |

## COMPLAINT

**COMES,** the Plaintiff, Lauren Corey, by and through counsel, and sues the Defendants, and for her cause of action would show:

### I. INTRODUCTION

1. This is a civil rights action for compensatory and punitive damages pursuant to 42 U.S.C. §1983 and §1988 due to actions by Defendants occurring on or about March 24, 2024, in Knoxville, Knox County, Tennessee, violating Plaintiff's rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

### II. JURISDICTION

2. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343(a)(3)-(4).

### III. PARTIES

3. Plaintiff Lauren Corey is a citizen and resident of Knox County, Tennessee.

4. Defendant Caryn Heitz was at all relevant times employed by the Knoxville Police Department and is sued in her official and individual capacities.

5. Defendant Officer Hayden Marshall was at all relevant times employed by the Knoxville Police Department and is sued in his official and individual capacities.

6. Defendant City of Knoxville, Tennessee, is a municipal entity responsible for the Knoxville Police Department and is sued under municipal liability pursuant to federal law.

## IV. FACTUAL ALLEGATIONS

7. On March 24, 2024, Plaintiff Lauren Corey and her husband were at their home at 2553 Wilson Avenue in Knoxville, Tennessee, when officers from the Knoxville Police Department entered Plaintiff's home without consent, justification, or probable cause, subjecting Plaintiff and her husband to false imprisonment, assault, and unlawful intrusive searches at gunpoint.

8. Defendants then abruptly left Plaintiff's property without explanation or apology after realizing they responded to the wrong address, causing severe distress and trauma to Plaintiff and her husband.

9. Plaintiff subsequently recorded the Knoxville Police Department's ongoing actions at a nearby address from her own property and adjacent public areas, lawfully exercising her First Amendment rights.

10. Defendant Officer Marshall initially allowed Plaintiff to record without interference or objection. However, Defendant Lt. Caryn Heitz subsequently confronted Plaintiff and unlawfully ordered her to cease recording and return to her home, despite Plaintiff clearly identifying her lawful right to record public police actions.

11. Upon Plaintiff's assertion of her rights, Defendant Heitz and Defendant Marshall, along with other officers, aggressively and forcibly restrained, arrested, and detained Plaintiff without lawful justification or probable cause.

12. Plaintiff explicitly asked Defendants on multiple occasions why she was being arrested. Defendants provided contradictory, shifting, and legally insufficient reasons, including "not listening," "disorderly conduct," and "resisting arrest."

13. Plaintiff suffered physical harm, humiliation, psychological trauma, panic attacks, anxiety, emotional distress, and incurred medical costs due to Defendants' unlawful conduct.

14. Defendants filed charges against Plaintiff, alleging disorderly conduct and resisting arrest. Both charges were subsequently dismissed.

15. At all times relevant herein, Defendants acted under color of state law, and their actions represented clear, intentional violations of Plaintiff's constitutional rights. Additionally, Heitz and Marshall Defendants acted individually and with the intent to harm the plaintiff.

16. The City of Knoxville failed to adequately train, supervise, or discipline Defendants Heitz and Marshall, fostering an environment where constitutional violations like those suffered by Plaintiff were foreseeable and preventable.

## V. CAUSES OF ACTION: FEDERAL CLAIMS

17. Plaintiff incorporates Paragraphs 1-16 by reference herein.

18. Defendants violated Plaintiff's First Amendment right to lawfully record police activity, her Fourth Amendment right to be free from unreasonable searches and seizures, and her Fourteenth Amendment right to due process and equal protection under the law, actionable under 42 U.S.C. §1983.

19. The City of Knoxville is liable for failing to adequately train, supervise, or discipline its police officers, directly resulting in the violation of Plaintiff's constitutional rights.

20. Plaintiff suffered significant physical, emotional, psychological, and economic damages as a direct and proximate result of Defendants' unconstitutional actions.

21. Defendants Heitz and Marshall acted maliciously, intentionally, or with reckless disregard for Plaintiff's clearly established constitutional rights, entitling Plaintiff to punitive damages.

## VI. CAUSES OF ACTION: STATE CLAIMS

22. Plaintiff incorporates Paragraphs 1-21 by reference herein.

23. Defendants' actions constitute assault, battery, false imprisonment, intentional and negligent infliction of emotional distress, negligence, and violation of Article I, Section 7 of the Tennessee Constitution.

24. Defendants Heitz and Marshall acted intentionally, maliciously, or recklessly, thus entitling Plaintiff to punitive damages.

**VII. DAMAGES**

25. As a direct and proximate result of Defendants' unconstitutional and tortious conduct as described herein, Plaintiff Lauren Corey has suffered significant and ongoing damages, including but not limited to:

> A. Severe emotional distress, anxiety, mental anguish, trauma, and panic attacks requiring medical and psychological treatment;
>
> B. Physical injuries, discomfort, and pain caused by Defendants' unlawful and excessive use of force;
>
> C. Humiliation, embarrassment, loss of personal dignity, and invasion of privacy;
>
> D. Loss of liberty resulting from unlawful detention and false arrest;
>
> E. Medical expenses incurred for the treatment of psychological and physical injuries directly attributable to Defendants' conduct;
>
> F. Lost wages and diminished earning capacity due to missed work directly related to her emotional distress and medical treatment;
>
> G. Future medical and psychological expenses anticipated due to ongoing trauma and anxiety caused by Defendants' actions;

H. Attorney's fees and litigation costs associated with defending the baseless criminal charges brought by Defendants.

26. Plaintiff reserves the right to further specify and itemize damages as they become more fully known through discovery and ongoing medical treatment.

**VIII. PRAYER FOR RELIEF**

PREMISES CONSIDERED, PLAINTIFF PRAYS:

1. For a jury trial to try this action.
2. Compensatory damages in an amount not less than one million dollars ($1,000,000.00).
3. Punitive damages against Defendants Heitz and Marshall, each, in an amount not less than one hundred thousand dollars ($500,000.00).
4. Reasonable attorney fees and litigation costs pursuant to 42 U.S.C. §1988.
5. Any further relief the Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 24th day of March 2025.

THE BOWLIN LAW FIRM P.C.

By: / s / Troy L. Bowlin II *for The Firm*
Troy L. Bowlin, II No. 025893
Attorney for Plaintiff
2042 Town Center Blvd. Suite 364
Knoxville, TN 37922
troy@tblf-pc.com
www.thebowlinlawfirm.com